**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J. Nichole Italiano,<br><br>    Plaintiff,<br><br>vs.<br><br>Concord Mortgage Company; EMC Mortgage Corp.; Citibank, N.A. as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities 1 LLC, Asset Backed-Certificates, Series 2006-HE3; JP Morgan Chase; Quality Loan Service, Corp.; Great Southwest Mortgage; Eric Amorossi; Eric and Heather Amorossi and DOES 1-100 inclusive,<br><br>    Defendants. | No. CV-10-685-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court is Plaintiff's Ex Parte Application for Temporary Restraining Order, and Order to Show Cause Re: Preliminary Injunction (Dkt.#4). Plaintiff has requested expedited review.

On April 2, 2010 at or around 3:00 P.M., Plaintiff lodged the instant petition for a Temporary Restraining Order (TRO) with the Court. The petition concerns a foreclosure sale that appears to have originally been scheduled April 8, 2010. Plaintiff argues that even though Defendants already allegedly promised to postpone the sale, this promise is insufficient because notice of actual postponement must be given under A.R.S. § 33-813 or "[a]t any time the trustee might decide that the sale is no longer on hold." (Dkt.#4 at 11)

It appears as though Plaintiff has not provided Defendants with notice of the instant TRO petition. Essentially, Plaintiff has requested an *ex parte* hearing where they would ask the Court to issue a TRO without notice to the opposing parties. Nowhere in the motion does Plaintiff indicate that the Defendants have been provided notice of the request. However, Rule 65(b) of the Federal Rules of Civil Procedure requires that any TRO issued without notice include "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). In the instant case, Plaintiff's petition has not met the demands of Rule 65(b), since the petition has not been accompanied with an affidavit or a verified complaint that explains why Defendants have not been provided with notice of this matter, thereby justifying the Court to proceed in their absence.

In addition, based on the limited information that has been submitted to the Court, it is altogether unclear why Plaintiff should not have been able to alert Defendants to the instant action in time for their representatives to make an appearance before the Court. The Ninth Circuit has cautioned district courts against issuing a TRO without notice to the adverse party, stating that the "[c]ircumstances justifying the issuance of an ex parte order are extremely limited." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423 (1974)). The Court is unwilling to utilize this drastic and exceptional remedy given Plaintiff's failure to comply with the procedural demands of Rule 65(b) Fed. R. Civ. P.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's Application for a Temporary Restraining Order (Dkt.#4).

/ / /

**IT IS FURTHER ORDERED** directing Plaintiff to serve notice on the Defendants regarding the request for a Preliminary Injunction. After Defendants have been served notice of this request, Plaintiff is directed to notify the Court; a hearing on the Preliminary Injunction may then be scheduled.

DATED this 5th day of April, 2010.

_____
Mary H. Murguia
United States District Judge