**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J. Nichole Italiano,<br><br>    Plaintiff,<br><br>vs.<br><br>Concord Mortgage Company; EMC Mortgage Corp.; Citibank, N.A. as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities 1 LLC, Asset Backed-Certificates, Series 2006-HE3; JP Morgan Chase; Quality Loan Service, Corp.; Great Southwest Mortgage; Eric Amorossi; Eric and Heather Amorossi and DOES 1-100 inclusive,<br><br>    Defendants. | No. CV-10-685-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court is Plaintiff's Ex Parte Application for Temporary Restraining Order, and Order to Show Cause Re: Preliminary Injunction (Dkt.#7). Plaintiff has requested expedited review.

On April 2, 2010 at or around 3:00 P.M., Plaintiff lodged a prior petition for an Ex Parte Temporary Restraining Order (TRO) (Dkt.#4), concerning a foreclosure sale that appears to have originally been scheduled for April 8, 2010. Because Plaintiff failed to explain why the Defendants had not been provided with notice of the Ex Parte TRO, the Court denied this petition, explaining that the Court was "unwilling to utilize this drastic and exceptional remedy given Plaintiff's failure to comply with the procedural demands of Rule 65(b) Fed. R. Civ. P." (Dkt.#6)

In response, on April 6, 2010, Plaintiff filed a handwritten document entitled "Proof of Service Re: Notice of Motion and TRO" in which she explained that she emailed copies of the TRO to Attorney Michael Curran, whom she asserts is opposing counsel, representing Citibank, EMC, and Chase, the foreclosing parties in this case. However, none of the Defendants have an attorney of record, nor has Mr. Curran entered an appearance. It is altogether unclear why Plaintiff waited until the last minute to submit her request to the Court. The exhibits attached to her petition suggest that she knew about the scheduled sale by March 19, 2010 at the latest.

Nevertheless, the Court will address the substance of Plaintiff's TRO, given her apparent good-faith efforts to provide notice to Defendants. Rule 65 does not specify the exact requirements for notice; it merely requires the party seeking the TRO to specify the efforts that have been undertaken to notify the opposing party and the reasons why no further efforts at notification before issuance of the order are justified. Rule 65(b)(2).

To obtain a TRO, Plaintiff "must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008). Plaintiff's motion consists mainly of a request that the Court order Defendants produce the "original note" showing their entitlement to the property at issue. There is not a substantial likelihood Plaintiff will succeed on this theory. Diessner v. Mortgage Elec. Registrations Sys., 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) ("[D]istrict courts have routinely held that Plaintiff's 'show me the note' argument lacks merit."). In addition, Plaintiff's papers suggest that Defendants have already offered to postpone the foreclosure sale: "defendants have agreed, by e-mail and telephone via their legal counsel Mr. Michael Curran to possibly 'put on hold' the foreclosure proceedings pending their investigation into giving a loan modification, but Court order is the only way to be certain that no foreclosure will take place during the pendency of this litigation," (Dkt.#8 at 9) and "reliance upon oral or even email agreements to 'put on hold' a sale without a recorded notice of withdrawal or cancellation by the trustee or the trustee's agent is unwise. At any time the trustee might decide that the sale is no longer 'on

hold.'" (Dkt.#8 at 11) Thus, the alleged harm appears relatively speculative in nature, and is far from sufficient to justify a TRO.

Given that Plaintiff has not established an entitlement to a temporary restraining order, her petition is hereby denied (Dkt.#8).

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's Second Application for a Temporary Restraining Order (Dkt.#8). However, the Court will direct the Defendants to notify both Plaintiff and the Court at least ten days in advance of any foreclosure in light of the above.

DATED this 8th day of April, 2010.

_____
Mary H. Murgula
United States District Judge